1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PROFIT, | Case No. 1:13-cv-01387-SAB-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| KIM HOLLAND, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The instant petition challenges a 2010 conviction sustained in Kern County Superior Court for second degree murder and possession of a firearm by a felon.  Petitioner was sentenced on January 27, 2013, to serve a term of 68 years in state prison.

## I.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  See Rule 4 of the

Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  <u>See</u> Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889   (9th  Cir.  1999)  (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds.  Hiivala v. Wood,  195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

In the instant petition, Petitioner states he has not sought review of his claims in the California Supreme Court.  Therefore, the petition is unexhausted and must be dismissed.  28 U.S.C. § 2254(b)(1); Rose, 455 U.S. 509.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

1    (B) the final order in a proceeding under section 2255.

2    (2) A certificate of appealability may issue under paragraph (1)
     only if the applicant has made a substantial showing of the denial
3    of a constitutional right.

4    (3) The certificate of appealability under paragraph (1) shall
     indicate which specific issue or issues satisfy the showing required
5    by paragraph (2).

6    If a court denies a petitioner's petition, the court may only issue a certificate of

7    appealability "if jurists of reason could disagree with the district court's resolution of his

8    constitutional claims or that jurists could conclude the issues presented are adequate to deserve

9    encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

10   484 (2000).  While the petitioner is not required to prove the merits of his case, he must

11   demonstrate "something more than the absence of frivolity or the existence of mere good faith on

12   his . . . part." Miller-El, 537 U.S. at 338.

13   In the present case, the Court finds that reasonable jurists would not find the Court's

14   determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

15   deserving of encouragement to proceed further.  Petitioner has not made the required substantial

16   showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to

17   issue a certificate of appealability.

18                              **III.**

19                             **ORDER**

20   Accordingly, IT IS HEREBY ORDERED:

21   1)      The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE[1];

22

23   _____

     [1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning
24   to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing
     second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

25        [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed
          petition to instruct an applicant that upon his return to federal court he is to bring only
26        exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made
          aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
27        claims before returning to federal court.  The failure to comply with an order of the court
          is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).
28

2)   The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3)   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __**October 16, 2013**__

_____
UNITED STATES MAGISTRATE JUDGE

---

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.